IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STRIDER ROGNIRHAR, a/k/a<br>Jonathan Picollo, | ) )<br>) | 4:05cv3130 |
| Plaintiff, | )<br>) | ORDER<br>ON INITIAL REVIEW |
| vs. | )<br>) | |
| KURT KINLUND, et al., | )<br>) | |
| Defendants. | ) | |

This matter is before the court for initial review of the complaint filed by the plaintiff, Strider Rognirhar, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"), who is proceeding pro se and in forma pauperis ("IFP"). The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983 against corrections officials of the States of Nebraska and California who have allegedly sought to transfer the plaintiff from DCS custody to a California prison in retaliation for the plaintiff's exercise of his First Amendment rights while in Nebraska.

**Official Capacity**

The complaint specifies that the defendants are sued in their official capacity. A suit against a public employee in his or her official capacity is actually a suit against the public employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Therefore, a claim against a corrections officer, in his or her official capacity, is in reality a claim against the entity that employs the officer. See also Eagle v. Morgan, 88 F.3d 620, 629 n. 5 (8th Cir. 1996), quoting Kentucky v. Graham: "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Therefore, the defendants' governmental employers, the States of Nebraska and California, are presently the only defendants in this case.

If suit against the defendants, in their official capacity only, is not the plaintiff's intent, he may file an amendment to his complaint within 30 days of the date of this Order, specifying that some or all of the defendants are sued in their individual capacity or in both their individual and official capacities. If the plaintiff does amend his complaint to sue any of the defendants in their individual capacity or in both capacities, the plaintiff must request additional summons forms and Form 285s. That is because government employees are served in different locations in their individual and official capacities.

The Prison Litigation Reform Act ("PLRA") requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of prisoner

1

complaints, and restricts remedies and  procedures in prisoner litigation.  42 U.S.C. § 1997e(a) of the PLRA requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison.  42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff, and the plaintiff did not use the available grievance procedures, before filing this lawsuit, the plaintiff's claims may be subject to dismissal without prejudice.

The PLRA also limits the recovery of damages for emotional distress.  See 42 U.S.C. § 1997e(e):  "Limitation on recovery.  No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

Having reviewed the complaint, I find that this case need not be dismissed on initial review.  Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendants, as set forth below.  Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendants, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1.      To obtain service of process on the defendants, the plaintiff must complete and return forms which the Clerk of Court will provide.  The Clerk shall provide the plaintiff with a summons and a Form 285 for each named defendant.

2.      The plaintiff shall, as soon as possible, send the completed summons and 285 forms back to the Clerk of Court.  In the absence of the  completed forms, service of process cannot occur.

3.      When completing forms for service of process on the State of Nebraska or on Nebraska state employees in their *official* capacity, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(1), which states in pertinent part:

 (1) The State of Nebraska, any state agency as defined in section 81-8,210, and any employee of the state as defined in section 81-8,210 sued in an official capacity may be served by leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail service addressed to the office of the Attorney General.

The  address of the Nebraska Attorney General's office is 2115 State Capitol, Lincoln, Nebraska 68509.

2

4.     Upon receipt of the completed summons and 285 forms, the Clerk will sign each summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process.  The Marshal shall serve each summons and complaint without payment of costs or fees.  Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

5.     Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint.  However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. The plaintiff is hereby notified that failure to obtain service on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.

6.     If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

7.     After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court.  Parties usually serve copies of documents on other parties by first class mail.

8     The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendants or to the attorney of any represented defendant.  To send communications to the court without serving a copy on the other parties to the case violates the rules of court.

9.     Each defendant shall have twenty (20) days after receipt of the summons to answer or otherwise respond to the complaint.

10.     The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

11.     The plaintiff shall keep the court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal of this litigation.

DATED this 24th day of October, 2005.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge

3

INSTRUCTIONS:  SUMMONS FORMS AND FORMS 285
for plaintiffs proceeding pro se and in forma pauperis

1.     A summons form provides notice to a defendant that the defendant has been sued and must answer or otherwise respond to the complaint.

2.     A form USM-285 ("form 285") provides directions to the U.S. Marshal as to whom to serve with process and where to serve the defendant(s).  The U.S. Marshal serves the defendant(s) without cost to you because you are proceeding in forma pauperis ("IFP").

3.     Do not copy your complaint to attach to the summons; the court will do that for you.

4.      You may serve only defendant(s) named in the case caption of the complaint.  If you want to serve additional defendant(s), you must move for leave to amend the complaint to add the additional defendant(s) to the case caption.

5.     Be sure to print your case number on all forms.

6.     You must give an address for the party to be served.  The U.S. Marshal will not know a defendant's address.

7.     For service on the State of Nebraska, a State agency or a State employee in his or her *official* capacity, the  address of the Nebraska Attorney General's office is 2115 State Capitol, Lincoln, Nebraska 68509.

8.     On the other hand, state employees in their *individual* capacity may be served where they can be found, e.g., at home or at their present place of employment.

9.     Where a summons form states:   "You are hereby summoned and required to serve on plaintiff's attorney"  print your name and address.

10.     Where a form 285 states:   "send notice of service copy to requestor at name and address" print your name and address.

11.     Where a form 285 calls for  "signature of attorney or other originator" provide your signature and date the form.

12.     Leave the last part of the summons form blank.  The court will fill in the number of days in which the defendant must answer, and the court will sign and date the form.

4