IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STRIDER ROGNIRHAR, a/k/a Jonathan Picollo, | ) ) ) | 4:05cv3130 |
| Plaintiff, | ) ) | MEMORANDUM AND ORDER |
| vs. | ) ) ) | |
| KURT KINLUND, et al., | ) ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 58, the Motion for Leave to Amend Complaint filed by the plaintiff, Strider Rognirhar, a/k/a Jonathan Picollo; and filing no. 59, the plaintiff's Motion for Appointment of Counsel.  In filing no. 55, I directed the parties to file status reports stating each side's view of the legal and factual issues remaining to be resolved in the above-entitled case.  The defendants did so (filing no. 56), but the plaintiff's copy of filing no. 55 was returned to the court as undeliverable, forwarding address unknown (filing no. 57).

As for filing no. 59, the court cannot routinely appoint counsel in civil cases.  In this litigation, as in Phillips v. Jasper County Jail, 437 F.3d 791, 793 (8th Cir. 2006), the record has not been sufficiently developed to determine whether appointment of counsel is justified.  "There is no constitutional or statutory right to appointed counsel in civil cases .... Rather, when an indigent prisoner has pleaded a nonfrivolous cause of action, a court 'may' appoint counsel.  Id. at 794 (emphasis in original, citations omitted).  In Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court explained: "The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." (Citations omitted.)   At this time, I find that appointment of an attorney would be premature. The plaintiff should be capable of presenting his claims and undertaking written discovery.  In addition, he has made no record of attempts to obtain counsel, e.g., on a contingent fee basis.

THEREFORE, IT IS ORDERED:

1.      The Clerk of Court shall send the plaintiff a copy of filing no. 55 and this Order at the address provided by the plaintiff in filing nos. 58 and 59, and the Clerk shall update the court's records accordingly;

1

2.     That by January 15, 2007, the defendant shall respond to the plaintiff's Motion for Leave to Amend the Complaint;

3.     That by January 15, 2007, the defendants, who prevailed in Case No. CIO5-423, shall file with this court copies of whatever written materials (orders, briefs, etc.) filed in Case No. CIO5-423 will enable this court to ascertain exactly what issues were before the state court and were decided by that court; and

4.     That filing no. 59, the plaintiff's Motion for Appointment of Counsel, is denied; if this case goes to trial, the motion may be reconsidered sua sponte.

DATED this 3rd day of January, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge

2