IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STRIDER ROGNIRHAR, a/k/a Jonathan Picollo, | ) ) ) | 4:05cv3130 |
| Plaintiff, | ) ) | MEMORANDUM AND ORDER |
| vs. | ) ) | AND |
| KURT KINLUND, et al., | ) ) | ORDER TO SHOW CAUSE |
| Defendants. | ) ) | |

This matter is before the court on (1) filing no. 58, the Plaintiff's Motion for Leave to Amend Complaint filed by the plaintiff, Strider Rognirhar; (2) filing no. 61, the Brief in Opposition to Plaintiff's Motion to Amend his Complaint filed by defendants-Peggy Lange, Kurt Kinlund, Richard Cruickshank, Michael Kenney, Jo Ann Kinney, Mikki Kirkpatrick, and Frank Hopkins (the "Nebraska defendants"); (3) filing no. 63, the Status Report filed by defendants-California Department of Corrections and Rehabilitation, N. Grannis, Sharon Jackson, David Mouras, Diane Myerson, Marita Williams (the "California defendants"); (4) filing no. 65, the California defendants' Brief In Opposition to Plaintiff's Second Motion to Amend His Complaint; (5) filing no. 67, the plaintiff's Status Report; and (6) filing no. 68, the plaintiff's Reply.

The plaintiff, incarcerated in a Nebraska state prison, brought this action pursuant to 42 U.S.C. § 1983 against corrections officials of the States of Nebraska and California who sought to transfer the plaintiff from Nebraska custody to a California prison, the sentencing state, allegedly in retaliation for the plaintiff's exercise of his First Amendment

1

rights while in Nebraska. This court denied preliminary injunctive relief on two bases. First, the record indicated that the District Court of Lancaster County, Nebraska, in Case No. CIO5-423, had already enjoined the State of Nebraska from transferring the plaintiff to California pending the outcome of another civil rights case filed by the plaintiff and pending in that court. This court declined to add another layer of restraint to the complex interactions between the State of Nebraska and a prisoner accepted into Nebraska custody from another state under the Interstate Corrections Compact.

Second, interprison transfers, in and of themselves, do not trigger due process protections, because convicted prisoners have no liberty interest under the Due Process Clause in being assigned to any particular institution, facility or cell. Hewitt v. Helms, 459 U.S. 460, 468 (1983) (transfer to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence). See also Meachum v. Fano, 427 U.S. 215, 224 (1976) (transfer to a maximum security facility with less favorable conditions, even where the transfer causes a "grievous loss" to the inmate, is "within the normal limits or range of custody which the conviction has authorized the State to impose"); Montayne v. Haymes, 427 U.S. 236, 242 (1976) ("The [Due Process] Clause does not require hearings in connection with transfers whether or not they are the result of the inmate's misbehavior or may be labeled as disciplinary or punitive"). Therefore, "the notion of liberty inherent in the Fourteenth Amendment Due Process Clause is not implicated by" a placement or transfer which subjects a convicted prisoner to more severe conditions of confinement, without more.

Meachum v. Fano, 427 U.S. at 225 (interprison transfer). Even if the plaintiff were to prevail on a retaliation claim, injunctive relief is an unlikely remedy for retaliatory violation of an inmate's First Amendment rights. See, e.g., Trobaugh v. Hall, 176 F.3d 1087, 1089 (8th Cir.1999); Goff v. Burton, 91 F.3d 1188, 1192 (8th Cir. 1996).

At this point, the District Court of Lancaster County, Nebraska has rendered judgment in the parallel proceeding, Case No. CIO5-423, in that court. As a result, the plaintiff has now been transferred to California.

In filing no. 58, the plaintiff seeks to file an Amended Complaint which raises entirely new claims against the Nebraska defendants, which seeks damages against defendants who are immune from such relief[1] and which seeks injunctive relief beyond the power of this court.[2] Accordingly, filing no. 58 is denied.

In addition, because it appears that this case may have become moot by the decision of the District Court of Lancaster County, Nebraska, and by virtue of the plaintiff's transfer to California, the plaintiff shall show cause why the above-entitled action should not be dismissed as moot. In the absence of a timely and sufficient demonstration of

---

[1]The Eleventh Amendment to the U.S. Constitution bars claims for monetary relief by private parties against a state, a state agency or an employee of a state in his or her official capacity. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974) ("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."). Thus, the plaintiff's claims for monetary relief against the defendants (sued only in their official capacity) are barred.

[2]The plaintiff asks the court to enjoin the State of California from sending any prisoners to Nebraska until full compliance with the Interstate Corrections Compact has been achieved by the Nebraska defendants. This court has no jurisdiction over the State of California for purposes of injunctive relief or otherwise.

cause by the deadline set forth below, this action will be dismissed, without further notice, as moot.

THEREFORE, IT IS ORDERED:

1.  That filing no. 58, the Plaintiff's Motion for Leave to Amend Complaint, is denied;

2.  That by July 25, 2007, the plaintiff shall show cause why the above-entitled action should not be dismissed as moot; and

3.  That in the absence of cause shown by July 25, 2007, this case will be subject, without further notice, to dismissal as moot.

DATED this 15th day of June, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge